# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-00427-HDM-CWH |
| Plaintiff, | 2:13-cv-01068-HDM |
| vs. | ORDER |
| JOSE RIVERA-CARBAJAL, | |
| Defendant. | |

In his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, defendant argues in one of his claims that his conviction for battery constituting domestic violence (third offense) was not a crime of violence, and that his attorneys were therefore ineffective for failing to object to the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). To the extent it can be argued that battery under Nevada law is not categorically a crime of violence, *see United States v. Moreno-Tobar*, 452 Fed. App'x 763 (9th Cir. 2011) (unpublished disposition); *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006); *Hobbs v. State of Nevada*, 251 P.2d 177 (Nev. 2011), counsel should advise the court of the evidence relied upon in determining that defendant was subject to the 16-level enhancement. Accordingly, on or before February 3, 2014:

1

1. The United States Probation Office shall provide to the court a copy of all documents that it had and that were available to defendant's attorneys relating to defendant's conviction for battery constituting domestic violence (third offense) (Presentence Report ¶ 27) and;

2. The government shall file any declarations of Paul Riddle, defendant's counsel at sentencing, and Alina Shell, defendant's counsel on appeal, identifying the evidence on which they relied to conclude that there was no reasonable argument to be made that the defendant was not subject to the 16-level enhancement.

IT IS SO ORDERED.

DATED: This 14th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE